1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANDREW KEENE FOWERS,                    No. 2:20-cv-0947 DB P

12                  Plaintiff,

13          v.                               ORDER AND FINDINGS AND
                                             RECOMMENDATIONS
14   PAUL ARTLEY, et al.,

15                  Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

18   U.S.C. § 1983.  Plaintiff claims a device was inserted in his body and is being used to torture him.

19   Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 6) and his

20   complaint for screening (ECF No. 1).  For the reasons set forth below, the court will recommend

21   that the complaint be dismissed without leave to amend and deny the motion to proceed in forma

22   pauperis as moot.

23                                       SCREENING

24   I.     Legal Standards

25          The court is required to screen complaints brought by prisoners seeking relief against a

26   governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

27   1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

28   that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

1

1    granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

2    U.S.C. § 1915A(b)(1) & (2).

3            A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

4    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

5    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

6    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

7    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

8    pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.

9    Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

10   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

11   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

12   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

13           However, in order to survive dismissal for failure to state a claim a complaint must

14   contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

15   factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

16   550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

17   allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

18   738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

19   doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

20           The Civil Rights Act under which this action was filed provides as follows:

21                   Every person who, under color of [state law] . . . subjects, or causes
                     to be subjected, any citizen of the United States . . . to the deprivation
22                   of any rights, privileges, or immunities secured by the Constitution .
                     . . shall be liable to the party injured in an action at law, suit in equity,
23                   or other proper proceeding for redress.

24   42 U.S.C. § 1983.  Here, the defendants must act under color of federal law.  Bivens, 403 U.S. at

25   389.  The statute requires that there be an actual connection or link between the

26   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

27   Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

28   (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

                                                    2

1  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

2  omits to perform an act which he is legally required to do that causes the deprivation of which

3  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

4        Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

5  their employees under a theory of respondeat superior and, therefore, when a named defendant

6  holds a supervisorial position, the causal link between him and the claimed constitutional

7  violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

8  Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

9  concerning the involvement of official personnel in civil rights violations are not sufficient.  See

10  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

11  **II.      Allegations in the Complaint**

12        Plaintiff has named the Sacramento Police Department and Paul Artley as defendants in

13  this action.  The allegations contained in the complaint state:

14        They murdered my family and covered it up, then sent me to prison.
        Now they are harassing me and they have Intrapped me. They are
15        using an Implant that was imbedded into my body during a surgery.
        Now there toturing me with the Implant. They are trying to kill me
16        while I am in Prison. They have done this to my whole family. There
        doing flips on me.
17  (ECF No. 1 at 4.)

18        He asks the court "to look at Implants" by using a magnetic resonance imaging (MRI) and

19  he requests "all mental health documents within the prison system."  (Id.)

20  **III.     Does Plaintiff State a Claim under § 1983?**

21        "[T]he in forma pauperis statute . . . 'accords judges not only the authority to dismiss a

22  claim based on an indisputably meritless legal theory, but also the unusual power to pierce the

23  veil of the complaint's factual allegations and dismiss those claims whose factual contentions are

24  clearly baseless.'"  Denton v. Hernandez, 504 U.S. 25, 32 (1992) (quoting Neitzke, 490 U.S. at

25  327).  "Examples of the latter class are claims describing fantastic or delusional scenarios, claims

26  with which federal district judges are all too familiar."  Neitzke, 490 U.S. at 328.  Allegations that

27  are fanciful, fantastic, or delusional give rise to claims that are factually frivolous.  Denton, 504

28  U.S. at 32-33 (citing Neitzke, 490 U.S. at 325, 327-28).  The district court is therefore authorized

3

1  to make a finding of factual frivolousness "when the facts alleged rise to the level of the irrational

2  or the wholly incredible." Denton, 504 U.S. at 33.

3       In the present case, plaintiff claims that a device was implanted into his body that is being

4  used to torture him.  These allegations are implausible on their face and there is no indication that

5  they are grounded in reality.  Plaintiff's claims fall within the category of those "describing

6  fantastic or delusional scenarios" and should be dismissed.  See Monroe v. Arpaio, No.

7  CV053441 PHX-NVM (VAM), 2005 WL 3054067, at *2-3 (D.Ariz. Nov. 14, 2005) (dismissing

8  with prejudice, at screening, inmate's claim that he told jail officials he "had a mind-reader on

9  him" but they did not transfer him to a secure facility, set up a "scrambler" to block radio waves

10  and satellite frequencies, and arrest those responsible for the illegal use of a mind-reader); Payne

11  v. Contra Costa Sheriff's Dep't, No. C 02-2382 CRB (PR), 2002 WL 1310748, at *1 (N.D. Cal.

12  June 10, 2002) (denying leave to proceed in forma pauperis and dismissing inmate's complaint

13  where he alleged that the department was using telepathy and mind control to allow others to

14  have access to his memories); Waldrop v. Dep't of Corr., No. CIV S-06-1260 DFL EFB P, 2006

15  WL 2926754 at *1 (dismissing action where plaintiff alleged California Department of

16  Corrections and Rehabilitation placed radio transmitters in his ears and used satellite

17  transmissions to monitor him).

18  **IV.    Leave to Amend**

19       For the reasons stated above, plaintiff's complaint should be dismissed. The undersigned

20  has carefully considered whether plaintiff may amend the complaint to state a claim upon which

21  relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith,

22  prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d

23  1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau,

24  701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the

25  court does not have to allow futile amendments).  Given the defects noted above, the undersigned

26  finds that granting plaintiff leave to amend would be futile.

27  ////

28  ////

4

**IN FORMA PAUPERIS**

Plaintiff has submitted an affidavit and prison trust account statement that make the showing required by 28 U.S.C. § 1915(a).  (See ECF No. 5.)  Nevertheless, because this court recommends dismissal of the complaint without leave to amend, the court further recommends that plaintiff's request to proceed in forma pauperis be denied as moot.

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a district judge to this action.

IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's complaint (ECF No. 1) be dismissed without leave to amend;

2.  Plaintiff's motion to proceed in forma pauperis (ECF No. 6) be denied as moot; and

3.  This action be dismissed.

These findings and recommendations will be submitted to the United States District Judge Assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in a waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 3, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

5